IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN SCOTT CROWLEY,<br><br>Defendant. | CR 16–46–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Nathan Scott Crowley's Motion for Early Termination of Supervised Release. (Doc. 36.) Mr. Crowley was adjudicated guilty of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 31 at 1.) On July 26, 2027, Mr. Crowley was sentenced to a term of imprisonment of fifty-four months with three years of supervised release to follow. (*Id.* at 2–3.) Mr. Crowley completed his term of imprisonment on March 8, 2023. (Doc. 37 at 2.) As of the date of this order, he has completed approximately nineteen months of his three-year term of supervised release. He now seeks termination of the remaining term of supervision. (Doc. 36.) The United States opposes this motion. (*Id.* at 2.) U.S. Probation Officer Evin Hansen supports early termination of supervised release. (*Id.* at 1.)

Under federal law, this Court may:

1

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Crowley began his term of supervised release in March 2023 (Doc. Doc. 37 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must

sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

Here, Mr. Crowley has served approximately 20 months of his term, and he has had no violations. (Doc. 37 at 3.) Mr. Crowley has also gained full custody of his 15-year-old son and has worked at the same business, RTI Fabrications, for over two years. (*Id.*) While Mr. Crowley's compliance with the terms of his supervised release is commendable, the Court also hopes and expects that defendants will be compliant. More importantly, Mr. Crowley has an extensive criminal history, including burglary, aggravated assault, rape of child, carrying a concealed weapon, and assault on a minor. (Doc. 33 ¶¶ 35–40.) Moreover, while on supervision for those prior offenses, Mr. Crowley had several instances of noncompliance. (*See* Doc. 33 ¶¶ 35, 36.) When viewed in light of Mr. Crowley's extensive criminal history and previous instances of noncompliance, the Court finds that the § 3553(a) factors do not support early termination of Mr. Crowley's supervised release at this time. The Court would like to see Mr. Crowley complete at least 2/3 of his term of supervision without any violations.

Accordingly, IT IS ORDERED that the motion (Doc. 36) is DENIED, subject to renewal upon Mr. Crowley's completion of 24 months of his term of supervised release.

DATED this 18th day of November, 2024.

_____
Dana L. Christensen, District Judge
United States District Court