IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–46–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| NATHAN SCOTT CROWLEY, | |
| Defendant. | |

Before the Court is Defendant Nathan Scott Crowley's Renewed Motion for Early Termination of Supervised Release. (Doc. 42.) Mr. Crowley was adjudicated guilty of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 31 at 1.) On July 26, 2027, Mr. Crowley was sentenced to a term of imprisonment of 54 months with three years of supervised release to follow. (*Id.* at 2–3.) Mr. Crowley completed his term of imprisonment on March 8, 2023. (Doc. 43 at 2.) As of the date of his Order, he has completed approximately 25 months of his three-year term of supervised release. (Doc. 43 at 1.) U.S. Probation Officer Evin Hansen supports early termination of supervised release. (Doc. 42 at 1.) The United States defers to the discretion of the Court. (*Id.*).

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

1

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Crowley began his term of supervised release in March 2023 (Doc. 37 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Crowley's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Crowley waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Crowley's supervised release is obviously favorable to him, and the United States defers to the Court's discretion. (Doc. 42.) Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Crowley's remaining term of supervised release. Mr. Crowley has now completed approximately 25 months of his three-year term of supervised release. Mr. Crowley has had no known violations of the terms of his supervised release and has completed all his treatment and rehabilitation requirements. (Doc. 43 at 3.) Mr. Crowley represents that he has gained full custody of his 15-year-old son, who resides with him, and has worked at the same business—RTI Fabrications—for over two years. (*Id.* at 2–3.) Mr. Crowley has recently been promoted and now works as the primary crane operator. (*Id.* at 3.)

Mr. Crowley has demonstrated a "successful transition from incarceration to liberty." *Johnson v. United States*, 498 U.S. 694, 708–709 (2000). The Court concludes that the § 3553(a) factors support early termination of his term of supervised release. The Court wishes Mr. Crowley the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 42) is GRANTED.

IT IS FURTHER ORDERED that Mr. Crowley's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 25th day of April, 2025.

Dana L. Christensen, District Judge
United States District Court